### McILEASE v. JAMES F. MEEHAN CO.

#### (Supreme Court, Appellate Term. December 16, 1908.)

MASTER AND SERVANT (§ 217*)—INJURIES TO SERVANT—METHODS OF WORK—ANTICIPATION OF DANGER.

A servant was employed in filling a pail with mortar and hoisting it up an air shaft with a rope and pulley. It did not appear that there was any defect in the appliance, but, while looking up at the pail, some mortar fell from it and hit him in the eye, destroying it. *Held*, that the master was not liable for the injury, since it was not one that he could reasonably have anticipated, and, whatever danger there was, was as well known to the servant as to the master.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 576; Dec. Dig. § 217.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Daniel McIlease against the James F. Meehan Company. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

Edward M. & Paul Grout, for appellant.
John McLaren, for respondent.

FORD, J. Action by employé for damages for alleged negligence. Defendant was employed in repairing a building. Plaintiff was hoisting mortar to the upper story by means of a rope and pulley hung in an air shaft. Plaintiff stood outside the shaft, and, while looking up

into it at the pail above him, some mortar fell and hit him in the eye, destroying its sight. He had been doing this kind of work for two hours before his injury, and always filled the pail himself.

Plaintiff claims the defendant was negligent in that it did not furnish a safe place to work, and did not furnish proper appliances. I cannot see that negligence can be predicated here on either ground or any other ground. No defect in the appliance is shown, nor was the method of doing the work inherently dangerous. From the testimony the most reasonable inference is that the accident was caused by some act of the plaintiff either in hoisting the pail too quickly or in allowing it to hit the side of the shaft. The appliance furnished was a most simple one, and it cannot be said that such an unfortunate occurrence was reasonably to be anticipated. Whatever danger there was, was as well known to plaintiff as to defendant.

Judgment and order should be reversed, and new trial ordered, with costs to appellant to abide the event. All concur.